Liu v. Holder

BIA
Hom, IJ
A089 097 535
A089 097 536

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of October, two thousand fourteen.

PRESENT:
JON O. NEWMAN,
DENNIS JACOBS,
PIERRE N. LEVAL,
    *Circuit Judges.*

_____

YONGFU LIU, YINGMEI YUAN,
    *Petitioners,*

v.                                          13-343
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONERS:        Khaghendra Gharti-Chhetry, New York, New York.

**FOR RESPONDENT:** Stuart F. Delery, Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Sunah Lee, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Yongfu Liu and Yingmei Yuan, natives and citizens of the People's Republic of China, seek review of a January 14, 2013, decision of the BIA, affirming the March 10, 2011, decision of Immigration Judge ("IJ") Sandy K. Hom, denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yongfu Liu, Yingmei Yuan*, Nos. A089 097 535, A089 097 536 (B.I.A. Jan. 14, 2013), *aff'g* Nos. A089 097 535, A089 097 536 (Immig. Ct. N.Y. City Mar. 10, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (quotation marks and citations omitted). The

07162014-B1-3

applicable standards of review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

**I.    Past Persecution**

The agency may, considering the totality of the circumstances, base a credibility finding on inconsistencies in an applicant's statements and other record evidence without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.  Substantial evidence supports the agency's determination that petitioners were not credible as to their claim that family planning officials had fined them and beaten Liu on account of Yuan's pregnancy in violation of China's coercive population control policy.

Petitioners' statements in their original asylum applications that Yuan was forced to undergo abortion and sterilization procedures were inconsistent with their testimony that she had not undergone such procedures.  *See Xiu Xia Lin*, 534 F.3d at 167.  Furthermore, they omitted from their original asylum applications their claim that family planning officials beat Liu.  *See id.* at 166 n.3 ("An

inconsistency and an omission are . . . functionally equivalent."). Petitioners also provided inconsistent statements and evidence regarding when they were fined for violating the population control policy. *See Xiu Xia Lin*, 534 F.3d at 167. Neither petitioners, nor their counsel, provided a compelling explanation for these discrepancies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

Having questioned petitioners' credibility, the agency reasonably relied further on their failure to provide certain evidence corroborating their claim. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Given the inconsistency and corroboration findings, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 167. Because the credibility determination is dispositive, we need not reach the agency's alternative finding that, even if credible, petitioners failed to show that the harm they suffered constituted persecution.

**II. Well-Founded Fear of Persecution**

For largely the same reasons as this Court set forth in *Jian Hui Shao*, 546 F.3d 138, we find no error in the

4

agency's determination that petitioners failed to demonstrate a well-founded fear of future persecution for their alleged violation of China's population control program. *See id.* at 158-72.

For the foregoing reasons, the petition for review is DENIED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk